IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK LAUBURG | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-1733-P |
| | § | |
| WAL-MART STORES, INC. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

On August 16, 2009, Plaintiff Mark Lauburg, appearing *pro se*, filed an application for leave to proceed *in forma pauperis* on appeal. Unable to determine whether plaintiff has adequate financial resources to pay the costs of appeal, including the appellate filing fee, the court ordered him to answer a detailed questionnaire regarding his assets and liabilities. Plaintiff was warned that the failure to answer the questionnaire within 20 days may result in the imposition of sanctions, "including dismissal of the action for want of prosecution." *See* Order, 8/19/09. When plaintiff failed to comply with the order, the court sent him another questionnaire. Plaintiff again was warned that his failure to provide the information requested within 20 days may result in the dismissal of this action. *See* Order, 9/28/09. To date, plaintiff still has not answered the questionnaire. Without additional information about his financial resources, the court cannot determine whether plaintiff is able to pay the costs of appeal without causing undue financial hardship. Accordingly, his motion should be denied.

## **RECOMMENDATION**

Plaintiff's motion for leave to proceed *in forma pauperis* on appeal [Doc. #48] should be denied.[1]

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 2, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that the underlying appeal was dismissed by the Fifth Circuit for want of prosecution on August 27, 2009. *See Lauburg v. Wal-Mart Stores, Inc.*, No. 09-10700 (5th Cir. Aug. 20, 2009).